UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL RINALDI,<br><br>                              Petitioner,<br><br>         -against-<br><br>WARDEN FCI OTISVILLE,<br><br>                              Respondent. | 1:24-CV-2449 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Michael Rinaldi, who is currently incarcerated in the Federal Correctional Institution in Otisville, New York ("FCI Otisville"), brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. He names the Warden of FCI Otisville as Respondent, and has paid the filing fee to bring this federal *habeas corpus* action. For the reasons set forth below, the Court dismisses one set of Petitioner's claims without prejudice, and grants Petitioner leave to file an amended petition as to his other set of claims within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243.

The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Williams v.*

*Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "'from compliance with relevant rules of procedural and substantive law.'" *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**BACKGROUND**

Petitioner alleges the following, which appear to be events that took place while Petitioner has been incarcerated in FCI Otisville: On March 14, 2023, Petitioner was issued an "incident report" or administrative disciplinary notice "for destroying or disposing of an item during a search and for assault." (ECF 1, at 1.) Two days later, on March 16, 2023, he "received a re-write of the same incident report[,] however[,] the time that staff became aware of the incident was changed." (*Id.*) During the associated disciplinary hearing, Petitioner "raised numerous procedural issues," including that his "due process rights were violated" because he "did not receive his incident report within 24 hours of staff becoming aware of the incident as required by [Federal Bureau of Prisons ("BOP")] policy. This delay prevented [Petitioner] from securing witnesses to the incident." (*Id.* at 1-2.)

BOP policy "also does not permit an officer to change the body of the incident report in a re-write." (*Id.* at 2.) With respect to the "re-write" he received, "the time of incident was changed[,] which also hindered [his] ability to locate witnesses or secure camera footage." (*Id.*)

The hearing officer "found that [Petitioner] did not commit the offense charged. Rather[,] he found that [Petitioner] had committed an offense different from the one charged in the incident report." (*Id.*) Petitioner asserts that this "denied [his] . . . right to 24 hour advanced notice of the charges . . . required by both Supreme Court precedent and BOP policy." (*Id.*) He did not waive this notice requirement and objected to the hearing officer's actions.

The hearing officer's report apparently "also [asserted that Petitioner had] stated he was guilty. This is not true. [He] denied the allegations and this is why in the report it states [that he]

2

did not accept responsibility." (*Id.*) Petitioner "stated [that] he was not guilty[,] but he knew he would be found guilty anyway due to the hearing officer['s] refusal to listen to his version of events." (*Id.*)

The BOP "sanctioned [Petitioner] to a $500.00 monetary fine and this is unconstitutional." (*Id.*) Petitioner asserts that the BOP "is not a court of law and does not have the authority to sanction an inmate to a fine." (*Id.*) Petitioner "has a liberty interest in the loss of his good conduct time credits as well as his money. The BOP cannot take his money without due process of law." (*Id.* at 3.)

Petitioner requests that the "incident report be expunged and his good conduct time be restored and his $500 be returned to him." (*Id.*)

## DISCUSSION

**A.    Relief sought**

A Section 2241 *habeas corpus* petition is the proper vehicle for Petitioner to challenge the loss of his good conduct time credits. *See Wentzel v. Pliler*, No. 21-CV-9245 (AT) (JLC), 2022 WL 9798257, at *5 (S.D.N.Y. Oct. 17, 2022) (citing, *inter alia*, *Carmona v. BOP*, 243 F.3d 629, 632 (2d Cir. 2001)), *report & recommendation adopted*, 2023 WL 5183144 (S.D.N.Y. Aug. 11, 2023); *see generally Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (A Section 2241 petition "generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."). Thus, the Court will consider Petitioner's claims for relief seeking the restoration of his good conduct time credits as claims seeking Section 2241 *habeas corpus* relief.

A Section 2241 *habeas corpus* petition is not, however, the proper vehicle to challenge the BOP's assessment of a $500 disciplinary fine against Petitioner and its authority to do so. *See*

3

*Kassir v. United States*, 3 F.4th 556, 566 (2d Cir. 2021) ("Relief from fines . . . and other noncustodial punishments may be byproducts of a [criminal] defendant's successful collateral attack on a conviction, but they cannot themselves serve as bases for collateral relief." (footnote omitted)); *Dhinsa v. Krueger*, 917 F.3d 70, 79 (2d Cir. 2019) (Section 2241 "authorize[s] courts to adjudicate a petition filed by an individual who is 'in custody' and who challenges the basis for that custody. We have characterized this statutory 'custody' requirement as 'jurisdictional,' and therefore mandatory and non-waivable. . . . '[F]ines . . . generally do not restrict liberty so severely as to satisfy the custody requirement,' and so generally do not fall within the purview of a permissible collateral challenge. Nor may a party 'avoid this conclusion by challenging both the custodial and noncustodial parts of his sentence in the same [habeas petition].'" (citing and quoting *United States v. Rutigliano*, 887 F.3d 98, 104-05 (2d Cir. 2018) (footnotes omitted))); *Ryan v. United States*, 688 F.3d 845, 849 (2d Cir. 2012) ("A collateral attack under § 2241 . . . contests only custody, . . . not fines."). Rather, an action under the Administrative Procedure Act ("APA") would seem to be the proper vehicle to challenge the BOP's assessment of the abovementioned disciplinary fine on Petitioner and its authority to do so. *See Jordan v. BOP*, No. 20-CV-1478, 2021 WL 4148549, at *9-12 (D.D.C. Sept. 13, 2021), *vacated and remanded on other grounds*, No. 21-5217, 2024 WL 2932371 (D.C. Cir. June 11, 2024); *Hawkins v. Perdue*, No. 1:13-CV-0214, 2014 WL 1962216, at *2 (N.D.W.V. May 15, 2014), *appeal dismissed*, 584 F. App'x 83 (4th Cir. 2014) (unpublished opinion).

"Although the APA does not itself confer subject matter jurisdiction[,] the Federal Question Statute, 28 U.S.C. § 1331, confers jurisdiction over a suit that 'arises under' a 'right of action' created by the APA." *Sharkey v. Quarantillo*, 541 F.3d 75, 84 (2d Cir. 2008) (citations omitted). The APA allows for judicial review of a federal agency's final administrative action; it

4

does not allow for damages. *See* 5 U.S.C. §§ 702, 704; *Cnty. of Suffolk v. Sebelius*, 605 F.3d 135, 140-41 (2d Cir. 2010). Under the APA, a litigant may ask a federal court to hold that a final federal agency action is unlawful or otherwise incorrect. The court can: (1) "compel agency action unlawfully withheld or unreasonably delayed[,]" and (2) set aside the agency's action, findings, and conclusions if the court finds them to be:

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law;
> (E) unsupported by substantial evidence in a case subject to [5 U.S.C. §§ 556 and 557] or otherwise reviewed on the record of an agency hearing provided by statute; or
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706(2). The proper defendant for an APA action is the United States of America, the agency whose action is being challenged, or the appropriate federal officer. 5 U.S.C. § 703. In addition, under the APA:

> [t]he form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.

*Id.*; *see also* § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review" under the APA.)

Because Petitioner cannot seek Section 2241 *habeas corpus* relief with regard to the abovementioned fine and the authority to impose that fine, *see supra* at 3-4, he must seek that

5

relief under the APA, *see* §§ 703, 704. Accordingly, the Court dismisses such claims for relief without prejudice to Petitioner's filing of a separate civil action in which he asserts claims under the APA challenging the BOP's assessment of the $500 disciplinary fine and its authority to do so.

**B.     Exhaustion of available administrative remedies as to Petitioner's claims for Section 2241 *habeas corpus* relief**

The United States Court of Appeals for the Second Circuit has made clear that a federal prisoner asserting claims for *habeas corpus* relief under Section 2241 challenging the execution of his sentence must exhaust his available administrative remedies before filing his petition. *Carmona*, 243 F.3d at 634. Failure to exhaust such remedies is a procedural default that will be excused upon a showing of cause and prejudice. *See id.* at 630, 633-34. A court may also excuse a litigant's failure to exhaust when: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) [an] administrative appeal would be futile; and (4) in certain instances a [litigant] has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks and citation omitted).

Here, Petitioner does not allege that he has exhausted his available administrative remedies within the BOP. Should Petitioner wish to proceed with this action, he must file an amended petition detailing what steps he has taken to exhaust his available administrative remedies within the BOP or show that those available remedies are in some way inadequate.[1]

---

[1] BOP disciplinary hearings are conducted according to the procedures listed in 28 C.F.R. § 541.8. To appeal a decision made in such a hearing, a federal prisoner must appeal, within 20 days, to the BOP Regional Director. 28 C.F.R. §§ 542.14(d)(2), 542.15(a). If unsuccessful at the Regional Director level, the prisoner must then appeal to the BOP's General Counsel within 30 days from the date of the Regional Director's response to the prisoner's initial appeal. § 542.15(a). These time periods may be extended if the prisoner demonstrates a valid reason for

The amended petition must explain in a short and plain fashion the basis of Petitioner's claims, including the relevant facts and dates, and demonstrate that he has exhausted his administrative remedies. The amended petition will completely replace the original petition.

## CONCLUSION

The Court construes Petitioner's claims in which he challenges the BOP's assessment of a $500 disciplinary fine against him and its authority to do so as brought under the APA. The Court dismisses those claims without prejudice to Petitioner's filing of a separate civil action in which he asserts such claims.

With respect to Petitioner's claims challenging his loss of good conduct time credits, the Court grants Petitioner leave to file an amended Section 2241 *habeas corpus* petition as specified above. The amended petition must be submitted to this court's Pro Se Intake Unit within 60 days of the date of this order, be captioned as an "Amended Petition," and bear the same docket number as this order (1:24-CV-2449 (LTS)). An Amended Petition For A Writ Of *Habeas Corpus* Under 28 U.S.C. § 2241 form is attached to this order, which Petitioner should complete as specified above. Once submitted, the amended petition will be reviewed for substantive sufficiency, and then, if proper, this action will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the

---

a delay. *Id.*

If such an appeal is filed, the Regional Director is required to respond within 30 days, and the General Counsel is required to respond within 40 days, unless that time has been extended for the Regional Director and/or the General Counsel to properly decide the matter and the prisoner is informed of the extension in writing. 28 C.F.R. § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.* "Once the General Counsel denies the claim or fails to respond . . . , the claim is considered administratively exhausted." *Lallave v. Martinez*, 609 F. Supp. 3d 164, 179 (E.D.N.Y. 2022).

time allowed, and cannot show good cause to excuse such failure, the Court will deny the petition without prejudice.

Because Petitioner has not, at this time, made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 13, 2024
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge